```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**COY MATHIS,**

                Petitioner,

       v.                       CASE NO.  07-3049-SAC

**L.E. BRUCE,**
**et al.,**

                Respondents.

**O R D E R**

This petition for writ of habeas corpus, 28 U.S.C. 2254, is presently before the court upon petitioner's Motion for Stay (Doc. 7), filed after the court issued an Order to Show Cause to respondents. Respondents have not yet filed their Answer and Return. The court finds the following facts relevant to petitioner's motion.

Mr. Mathis was charged with two counts of child abuse and one count of felony murder arising from the death of his girlfriend's two-year old child. At the close of the State's evidence, the trial judge dismissed one count of abuse of a child as "merging with the felony murder charge." After trial, the State appealed this determination. Mathis was found not guilty of the other count of abuse of a child, and guilty of felony murder with the underlying crime being abuse of a child. He was sentenced to life imprisonment with no eligibility for parole for 20 years.

Mr. Mathis appealed his conviction, the case was transferred to the Kansas Supreme Court, and the State's appeal was consolidated with petitioner's direct appeal. While the appeal was pending, on September 3, 2003, Mr. Mathis, through counsel, filed a "motion seeking remand" to present a claim of ineffective assistance of trial counsel to the trial court. He thereafter also filed a post-conviction motion pursuant to K.S.A. 60-1507 in the trial court, which the judge found "essentially raised the same issue." The matter was remanded and evidence and arguments were heard by the trial judge, who determined Mathis had not been denied effective assistance of trial counsel, and denied his 1507 motion. The ineffective trial counsel claim was briefed to the Kansas Supreme Court, who then considered the State's and petitioner's direct appeal, together with petitioner's appeal of the denial of his 1507 motion. Petitioner's claims on appeal were (1) juror misconduct, (2) insufficient evidence, (3) inadmissible evidence, (4) ineffective assistance of trial counsel and (5) cumulative errors. The Kansas Supreme Court denied the State's appeal, affirmed petitioner's conviction, and affirmed denial of his 1507 motion.

This court tentatively finds that petitioner's conviction became "final" for statute of limitations[1] purposes on June 17,

---

[1] The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

A 1-year period of limitation shall apply to an application for writ

2

2006, and the time limitation in which he was required to file his federal Petition began running the next day on June 18, 2006. The limitations period ran for approximately eight months without interruption before petitioner, on February 20, 2007, executed his federal Petition now before this court. The limitations period is tolled by a properly pending state post-conviction action, but not the pendency of a federal habeas corpus petition. Thus, if the instant Petition is dismissed now, even without prejudice for failure to exhaust, the limitations period expired on or around June 18, 2007, and any subsequent federal Petition will most likely be time-barred. Petitioner filed his Motion for Stay on May 2, 2007, which was before the expiration of the statute of limitations on June 18, 2007[2]. He seeks a stay of this action to allow him to return to state court to exhaust newly conceived claims[3], instead

---

of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from. . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. 2244(d)(2).

[2] The court considered liberally construing the Motion for Stay as including a Motion to Amend Petition to add petitioner's new claims, but decided it would complicate matters without assuring a different result.

[3] The additional claims petitioner has not exhausted but seeks to exhaust and then add to his federal Petition are: (1) the trial judge erroneously dismissed the child abuse offense rather than the felony murder offense, (2) K.S.A. §21-3436 (2000) is unconstitutional and his felony-murder conviction rested upon a legally insufficient ground, (3) the trial judge erroneously failed to instruct on the lesser included offenses of involuntary manslaughter and second degree murder under the intentional or reckless killing theory, and (4) trial and appellate counsel were ineffective for failing to raise the other three claims.

3

of dismissal for failure to exhaust[4], which could foreclose future review of all his claims in federal court.

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the United States Supreme Court held that the federal district court has discretion to stay a "mixed petition" and "hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Once the petitioner has totally exhausted state remedies, the stay is lifted and he may proceed in federal court. This procedure may be appropriate where, as here, an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court. However, the Supreme Court warned in <u>Rhines</u> that a stay and abeyance of federal habeas proceedings should be "available only in limited circumstances" lest it undermine the legislative goals in AEDPA. Thus, the Court recommended a stay where "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics[5]." <u>Rhines</u>, 544 U.S. at 277, 278.

---

[4] The pending Petition does not contain petitioner's unexhausted claims and is therefore not a "mixed petition." However, petitioner obviously desires to add his new claims to his federal Petition. This would entail his filing an Amended Petition to replace the one originally filed.

[5] The Court finds no evidence in the current record suggesting Mr. Mathis has engaged in "intentionally dilatory litigation tactics," and requires no further showing on this factor at this time.

It follows that in order for petitioner to be entitled to a stay in this action, he is required to allege facts showing pursuant to Rhines, (1) that "good cause" exists for his failure to exhaust his unexhausted claims, and (2) that the unexhausted claims are "potentially meritorious" on federal habeas corpus review. Rhines, 544 U.S. at 277-78.

As the party seeking the stay, the burden is on petitioner to show his entitlement. The court finds petitioner does not allege sufficient facts to show good cause for his failure to exhaust his unexhausted claims. None of petitioner's four new claims involves facts or legal theories that were not discoverable or available at the time of petitioner's trial, direct appeal, or post-conviction proceedings. The fact that petitioner only recently thought of new claims, standing alone, does not amount to good cause for failure to present them in his prior state court proceedings. Petitioner assumes "good cause" is established by his allegation that trial and appellate counsel were ineffective for not raising his additional, unexhausted claims in prior state court proceedings. However, this new claim that trial and appellate counsel were ineffective for not raising his other new claims in the prior state proceedings is not supported by a showing that the claims are so clearly meritorious or such sure winners that counsels' failure to recognize and pursue them amounted to errors so serious that his and her performances were less than that guaranteed by the Sixth

Amendment.  Since petitioner does not allege sufficient facts showing deficient performance by trial or appellate counsel, the court rejects his assertion that their failure to raise his new claims constituted good cause for lack of exhaustion.

The court similarly finds petitioner does not present sufficient facts or legal theories showing any of his four new claims are "potentially meritorious."  Petitioner alleges insufficient facts in support of his first three new claims, and only that counsel did not present those three claims as the factual basis for his fourth.  Sufficient facts and arguments are not provided to show that either ground (1) or (2) is "potentially meritorious."  Petitioner was convicted of felony murder (Count I) with the underlying offense of abuse of a child between December 1 and 5, 2000.  The abuse of a child (Count II), which the judge dismissed as merging with the felony murder count was charged to have occurred "on or about December 1, 2000."  The other abuse of a child (Count III), on which defendant was found not guilty by the jury, was alleged to have occurred between August 1, and December 1, 2000[6].  The acquittal of child abuse over a specific three month period is not shown to have invalidated the element of abuse that

---

[6] "The State charged Mathis in Count I with felony murder with the underlying felony of abuse of C.S. between December 1 and 5, 2000, and in count II with abuse of C.S. on or about December 1, 2000, and in Count III with abuse of C.S. between August 1, 2000, and December 1, 2000. The jury acquitted Mathis of abuse of C.S. between August 1 and December 1.  The trial court found that the acts alleged in count II merged with the Count I felony murder and dismissed Count II at the close of the State's evidence." State v. Mathis, 130 P.3d 14, 19 (Kan. 2006).

6

undergirded the felony murder conviction.

Petitioner also presents no facts or argument in support of his failure to instruct claim. He challenges the trial court's failure to instruct on second degree murder and involuntary manslaughter as lesser included offenses[7]. However, his defense theory was that he was not guilty of the child abuse or felony murder, and the child's mother could have been the perpetrator. Thus, it does not appear that these lesser offenses were supported by the evidence proffered at trial. See State v. Williams, 268 Kan. 1, 15, 988 P.2d 722 (Kan. 1999); State v. Sullivan, 224 Kan. 110, 120, 578 P.2d 1108 (Kan. 1978). Moreover, petitioner does not allege that the lesser offenses have been deemed under State law to constitute lesser included offenses of the charged crime. See Hopkins v. Reeves, 524 U.S. 88, 96-97 (1998). In short, the court finds petitioner has not alleged facts and theories establishing the Rhines factors and that a stay is warranted in this case.

As noted, petitioner has not yet submitted a Motion to Amend with an Amended Petition to add his new, unexhausted claims in this case. It also appears he has not yet filed a state habeas action

---

[7] Generally, second-degree murder is not a lesser included offense of felony murder. See U.S. Chanthadara, 230 F.3d 1237, 1258-59 (10th Cir. 2000)("Second-degree murder requires proof that defendant acted with malice aforethought, whereas under a felony murder charge the commission of the underlying offense substitutes for malice aforethought."); Franks v. Alford, 820 F.2d 345, 347 (10th Cir. 1987). While involuntary manslaughter may be a lesser included offense of felony murder, petitioner does not allege facts indicating he presented evidence at trial of unlawful acts committed by him that constituted involuntary manslaughter.

based upon his new claims[8].  Absent some sort of tolling, the statute of limitations expired around June 18, 2007, which was approximately 55 days after the Petition herein was executed.  It follows that in order for petitioner to add his new claims in this federal action he would have to demonstrate either statutory or equitable tolling of the limitations period, or a relation back of his additional claims in accord with Rule 15 of the Federal Rules of Civil Procedure (FRCP)[9].  It is not at all certain that his claims would be found to relate back, in which case his motion to amend to add those claims would be denied, and he would still only be allowed to proceed on the exhausted claims in his original Petition.

For the foregoing reasons, the court finds petitioner's Motion for Stay (Doc. 7) should be denied.  His Motion for Leave to File

---

[8] If he had properly filed another 60-1507 motion in state court before the statute of limitations expired, it could have tolled the federal statute of limitations.

[9] Under Rule 15, amendments to a pleading may not be made after the statute of limitations has run unless the amendment relates back to the date of the original pleading.  FRCP 15(a).  Amendments are deemed to "relate back" to the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  FRCP 15(c)(2).  The Supreme Court examined the operation of the rule's "relation back" requirement in the habeas context in Mayle v. Felix, 545 U.S. 644, 656-57 (2005).  There, they rejected the claim that a petitioner's "trial, conviction, or sentence" constitute the "conduct, transaction, or occurrence" contemplated by Rule 15.  They reasoned that, otherwise, all amendments would relate back because "virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto."  Id. at 657 (citation omitted).  The Court held instead that, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."  Id. at 664, 659 ("[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.").

Reply with Reply (Doc. 9) is granted, and petitioner's Reply was considered by the court in determining his Motion for Stay. This action will proceed only upon the Petition as originally filed herein.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to file Reply (Doc. 9) is granted; and petitioner's Motion for Stay (Doc. 7) is denied.

**IT IS FURTHER ORDERED** that respondents' time to file an Answer and Return is hereby extended to and including November 15, 2007.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge