IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COY A. MATHIS,              )<br>                                         )<br>         Petitioner,          )<br>                                         )<br> v.                                    )<br>                                         )<br> SAM CLINE, Warden of the   )<br> Hutchinson Correctional Facility, et al., )<br>                                         )<br>         Respondents.        )<br>                                         )<br>_____) | Case No. 07-3049-JWL |

## **ORDER**

By Memorandum and Order dated February 2, 2009 (Doc. # 52), the court denied petitioner's petition for post-conviction relief pursuant to 28 U.S.C. § 2254. *See Mathis v. Cline*, 2009 WL 256567 (D. Kan. Feb. 2, 2009). Petitioner has now filed an application for a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c) (Doc. # 55). Specifically, petitioner wants to appeal the court's denial of his claim that he was denied effective assistance of counsel, in violation of the Sixth Amendment, when his trial counsel failed to retain a medical expert to assist with his defense. The court **denies** the application for a COA with respect to that claim.

A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Tenth Circuit has interpreted this standard to require a petitioner to demonstrate that

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

In his application, petitioner repeats his prior argument that his counsel should have retained a medical expert. He does not address, however, the court's reasons for concluding that the state courts did not act unreasonably in ruling that trial counsel's representation was not constitutionally infirm in this instance, including the lack of any evidence in the state court contradicting the prosecution's medical evidence, which could then demonstrate a real need to retain a medical expert for the defense. Nor has petitioner addressed the court's ruling that he failed to satisfy the prejudice prong of the governing *Strickland* test.[1]

Accordingly, petitioner has failed to meet the standard for the issuance of a COA in this case, and his application is denied.

IT IS SO ORDERED.

Dated this 2nd day of March, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Nor does petitioner challenge (or seek to appeal) the court's ruling that it could not consider petitioner's new medical evidence rebutting the prosecution's medical evidence.